IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARGEL SCOTT SWANN                                                                                   PLAINTIFF

VS.                                                                                                        No. 3:05CV52

UNION COUNTY SHERIFF'S DEPARTMENT, ET. AL.                                          DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendants' motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff initially filed this 42 U.S.C. § 1983 action on April 27, 2005, asserting damages as a result of the Defendants' alleged failure to provide safety equipment and a safety plan in association with a work project. On October 30, 2003, the Plaintiff was a prisoner at the Union County Jail serving a sentence for driving under the influence and possession of a firearm by a convicted felon. While serving this sentence, Plaintiff had earned trustee status and was allowed to participate in the Union County Sheriff's Department's voluntary work program. This work program allowed prisoners to perform work outside of the jail and earn time off of their sentences.

On October 30, 2003, Union County Sheriff Tommy Wilhite transported the Plaintiff to the American Legion War Memorial building to assist in a roofing project. The Plaintiff had prior roofing experience and volunteered to help with the roofing project. The Plaintiff arrived at the scene and noticed several other inmates working on the roof. The Plaintiff climbed the ladder to gain access to the roof and began assisting with placing pieces of tin over the existing roof shingles. The Plaintiff slipped on some loose gravel, lost his footing and fell from the roof.

As a result of the fall, the Plaintiff crushed both of his heels and shattered both of his ankles.

The Plaintiff alleges that the injuries impair some of his normal life functions. The Plaintiff was immediately taken to Baptist Hospital in Union County where he was treated. The next day, officials from the Mississippi Department of Corrections moved the Plaintiff from the hospital to a medical facility at Parchman.

The Plaintiff filed this lawsuit alleging that the Defendants violated his Eighth and Fourteenth Amendment rights by failing to provide the necessary safety gear and supervision associated with this work project. In addition, the Plaintiff alleges that the Defendants acted with deliberate indifference to his safety and failed to properly follow medical directives. The Plaintiff also asserted that the Mississippi Department of Corrections acted with deliberate indifference and was negligent when it moved him from Baptist Hospital in Union County to Parchman. However, on November 7, 2005, this Court issued an Order dismissing the Mississippi Department of Corrections because it was entitled to Eleventh Amendment immunity.

The remaining Defendants now move this Court to grant them summary judgment on all of the Plaintiff's claims. The Defendants assert that the Plaintiff cannot assert a claim that the Defendants provided an unsafe working environment. In addition, the Defendants assert that the Plaintiff cannot make a prima facie case that the Defendants acted with deliberate indifference to the Plaintiff's safety. Finally, the Defendants assert that Sheriff Tommy Wilhite is entitled to qualified immunity in his individual capacity.[1] The Court notes that the Plaintiff has failed to respond to this motion.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of

---

[1] The Defendants' memorandum brief states that Sheriff Wilhite is entitled to qualified immunity in his official capacity. The Court notes that qualified immunity is available to officers sued in their individual capacity.

showing the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

1. Section 1983

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983 the Plaintiff must (1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and

(2) demonstrate that the alleged violation was committed by a person acting under color of state law. Cornish v. Correctional Services Corp., 402 F.3d 545, 549 (5th Cir. 2005). The Plaintiff has alleged that the Defendants exposed him to an unsafe working environment, acted with deliberate indifference to his safety and acted with deliberate indifference as to his medical needs. The Court will take each claim in turn.

2. Unsafe Working Environment

The Eighth Amendment's prohibition against "cruel and unusual punishment" protects against officers' affirmative conduct, such as the use of excessive force. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). In addition, the Eighth Amendment also poses a duty upon prison officials to provide humane conditions for confinement and to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). In Farmer, the Supreme Court reiterated the standards of liability for "failure to protect" cases: "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828, 114 S. Ct. at 1974. To prevail on such an Eighth Amendment claim, the prisoner must show that he was incarcerated under conditions presenting a substantial risk of serious harm and that prison officials acted with deliberate indifference to that risk. Id. Several of the Circuit Courts of Appeals have held that unsafe prison working conditions can constitute an Eighth Amendment violation. Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1997); Williams v. Norris, 148 F.3d 983, 987 (8th Cir. 1998); Gill v. Mooney, 824 F.2d 192, 195 (2nd Cir. 1978); Howard v. King, 707 F.2d 215, 219 (5th Cir. 1983). To be liable a unsafe working conditions claim, the Plaintiff must show that the prison officials acted with deliberate indifference and did not take reasonable steps to prevent the harm. Bagola, 131 F.3d at 646.

The Court notes that the Plaintiff has failed to perform any discovery, respond to this motion, or support with evidence the facts alleged in his Complaint. The Plaintiff has not alleged that he had any physical defect or condition that would have prevented him from working on the roof. In addition, the Plaintiff voluntarily chose to work on this project. It was also the Plaintiff's voluntary decision to climb the ladder when there were inmates working both on the ground and on the roof. Finally, in his deposition the Plaintiff asserted that his fall was an accident. The Court is of the opinion that Plaintiff has not shown that the roofing work posed such a substantial risk of serious harm. In addition, the Court finds that the officials involved did not act with deliberate indifference.

"Deliberate indifference" requires that the state actor have subjective knowledge of the risk of harm. Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Mere negligence will not suffice, and "deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from a ... failure to act reasonably. Id. at 649 (citations omitted). In other words, an official has to be both aware of, and disregard, an excessive risk of harm. Rodriguez v. Texas Dept. of Criminal Justice, Institutional Division, 2003 WL 22055820 (N.D. Tex. 2003) (*citing* Farmer v. Brennan, 511 U.S. at 837 114 S. Ct. at 1977.

Thus, for Swann to prevail on this claim, he would have to show that the Defendants' actions allowing him to work on the roof were objectively unreasonable, but also that the Defendants intended the consequences of him falling from the roof. The Court is of the opinion that the Defendants were not deliberately indifferent to Swann's safety. The Plaintiff has not produced any evidence that the Defendants forced him to work on the roof or provided an unsafe condition. The Plaintiff has produced no proof that the Defendants acted with deliberate indifference. Thus, the Court finds that the Defendants are entitled to judgment as a matter of law on this claim.

B. Denial of Medical Care

A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 291-92, 50 L. Ed. 2d 241 (1976). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional deprivation. See Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L. Ed. 2d 251 (1986). The Plaintiff has not produced a shred of evidence that the Defendants were deliberately indifferent to his medical care. In fact, the Plaintiff was taken immediately to the hospital following his fall. All decisions at that point were made by the Mississippi Department of Corrections which was dismissed earlier in this case. Therefore, the Court finds that there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law on this claim.

3. Municipal Liability

Municipal liability under section 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). The text of section 1983 precludes municipal liability predicated on respondeat superior. Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Thus, the unconstitutional conduct must be directly attributable to the municipality by some sort of official action. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), *cert. denied,* 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23 (2001). Isolated incidents of unconstitutional actions by municipal employees will almost never trigger municipal liability. Id. Bennett v. City of Slidell, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S. Ct. 3476, 87 L. Ed. 2d 612 (1985).

Here, the Plaintiff cannot maintain a theory of municipal liability. The Plaintiff has identified an official policy-maker, which is a criterion for 1983 liability. See <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989). However, the Plaintiff has failed to identify an official policy, practice or procedure. See <u>Webster v. City of Houston</u>, 735 F. 2d 838 (5th Cir. 1984) (en banc). The Plaintiff has not shown that the alleged failure to provide a safe working environment for prisoners was an official policy, practice, procedure or custom of the Union County Sheriff's Department or the Union County Board of Supervisors. As such, the Plaintiff's section 1983 claim fails under <u>Monell</u>. Therefore, there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law.

4. <u>Qualified Immunity</u>

The individual defendant has asserted that he is entitled to qualified immunity in this action. The Court now turns to that defense. In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. <u>Siegert v. Gilley</u>, 500 U.S. 226, 230, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the officer's actions were objectively reasonable under settled law in the circumstances with which he was confronted. <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991); See <u>Pfannstiel v. Marion</u>, 918 F.2d 1178, 1183 (5th Cir. 1990) (If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

In the case *sub judice*, the Plaintiff has alleged the violation of a clearly established constitutional right– including his right to be free from cruel and unusual punishment. The Court is satisfied that the Plaintiff has alleged a violation of the Eighth Amendment. However, as stated above the Court is of the opinion that the Plaintiff would not be successful on such a claim. Despite

this fact, the Court will now determine whether the Defendant's actions were objectively reasonable.

Sheriff Tommy Wilhite drove the Plaintiff to the American Legion building and allowed him to work at the site. The Sheriff had no knowledge of any unsafe working conditions. In addition, the Sheriff was unaware of any other inmates had fallen or been injured. Finally, the Sheriff had not received a single complaint about the safety conditions. In addition, Sheriff Wilhite knew that the Plaintiff had a carpentry background and had participated in roofing work before. Sheriff Wilhite had no objective reason to be fearful for the Plaintiff's safety. In addition, the Sheriff took immediate action to get medical care for the Plaintiff after his fall. Thus, the Plaintiff has failed to show that Defendant Tommy Wilhite acted in an objectively unreasonable manner. As such, Sheriff is entitled to qualified immunity. Therefore, the Defendant is entitled to judgment as a matter of law.

*D. Conclusion*

The Plaintiff has failed to maintain his burden of proof by demonstrating the existence of a genuine issue of material fact. The Court finds that the Plaintiff has not produced proof that the Defendants subjected him to unsafe working conditions. In addition, the Court finds that the Plaintiff cannot show that the Defendants acted with deliberate indifference toward his safety or in providing medical care. Finally, the Court finds that Defendant Tommy Wilhite is cloaked with qualified immunity against the Plaintiff's claims. Thus, all of Plaintiff's claims fail and Defendants are entitled to judgment as a matter of law. Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of October 2006.

/s/ Glen H. Davidson
Chief Judge